CHARLES F. HAMMOND v. STATE OF NEBRASKA.

FILED FEBRUARY 7, 1894.   No. 5312.

1. **Criminal Law:** DELAY IN TRIAL: DISCHARGE OF ACCUSED. A defendant in a criminal prosecution who has never been committed to jail, or otherwise detained in custody, is not entitled to be discharged, under the provisions of section 390 of the Criminal Code, on the ground that he has not been brought to trial before the end of the second term after the finding of the indictment or the filing of the information.

2. ——: ——: ——. The provision of section 391 of the Criminal Code, for the discharge of any person indicted who after having given bail shall not be brought to trial before the end of the third term of court held after the finding of such indictment, is held to exclude the term at which the indictment is found.

3. **Rape:** EVIDENCE: INSTRUCTIONS. In a prosecution under section 11 of the Criminal Code, for rape upon the daughter of the accused, fourteen years of age, an instruction that " the amount of struggle and resistance necessary to be shown is not the same in all cases. A strong, able-bodied woman could protect herself when a child could not; and a father could overcome and subdue

the will of his child when a stranger could not," is not objectionable on the ground that it gives undue prominence to the age of the prosecutrix and her relation to the accused.

4. ———: CORROBORATION OF PROSECUTRIX. In a prosecution for rape it is not essential that the prosecutrix be corroborated by other witnesses as to the particular acts which constitute the offense. It is sufficient if she is corroborated as to material facts and circumstances which tend to support her testimony as to the principal fact, provided the jury must be satisfied from a consideration of all of the evidence, beyond a reasonable doubt, of the guilt of the accused. (*Fuger v. State,* 22 Neb., 332.)

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*J. C. Johnston, O. W. Cromwell,* and *N. Rummons,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

POST, J.

At the September, 1891, term of the district court of Lancaster county the plaintiff in error Charles F. Hammond was convicted of the crime of rape, as defined by section 11 of the Criminal Code, upon his daughter Alta Maud Hammond, and has brought the case into this court for review upon exceptions taken to certain rulings of the trial court. The first of the errors assigned is the overruling of a motion to dismiss, in the following language:

"STATE OF NEBRASKA
              v.          } Defendant's Motion.
CHARLES F. HAMMOND.

" Now comes the said Hammond, being first duly sworn upon his oath, says that he comes before the court, and moves the court here that he be discharged and released from arrest under the said information, for that the said information was filed in said court on the 15th day of September, 1890, that being the first day of the September

term, A. D. 1890, of our said court; that since said day there has been an October term, 1890, of said court and a January term, A. D. 1891, of said court, and that said cause has been pending longer than to the third term of the said court held after the said information was filed; that the delay of the trial of said cause did not happen upon the application of this defendant and was not occasioned by the want of time to try the same, and through no fault of his; and under and by virtue of section 390 and section 391 of the Code of Criminal Procedure of the state of Nebraska, affiant should be discharged from the offense alleged in said information and be permitted to go hence without day; that this cause has not been legally reinstated and cannot be so without new information and indictment, which same has not been found nor information filed."

Sections 390 and 391, referred to in the motion, are as follows:

"Sec. 390. If any person indicted for any offense and committed to prison shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on application of the prisoner.

"Sec. 391. If any person indicted for any offense, who has given bail for his appearance, shall not be brought to trial before the end of the third term of the court in which the cause is pending, held after such indictment is found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happen to be on his application, or be occasioned by the want of time to try such cause at such third term."

It is shown by the transcript that the information was filed on the 15th day of September, 1890, which was the first day of the September term. On the following day the accused was arraigned and entered a plea of not guilty.

On the 9th day of February, 1891, which was the first day of the February term, the case was stricken from the docket on motion of the county attorney, with leave to reinstate upon the showing of sufficient cause therefor, and the sureties on the recognizance of the accused were discharged and released from further liability.    On the 12th day of October, 1891, which was the nineteenth day of the September, 1891, term, the following order was entered of record:

"State of Nebraska ⎫
          v.          ⎬
  Charles F. Hammond. ⎭

"Now on this day came the county attorney on behalf of the state of Nebraska, and having made proper showing in compliance with the order entered herein on the 9th day of February, 1891, on his motion it is by the court ordered that this cause be, and the same hereby is, reinstated on the docket of this court, and that a *capias* issue for the said defendant in the manner provided by law."

It is evident that the accused was not entitled to be discharged under the provisions of section 390, since it does not appear from the transcript that he was at any time, subsequent to the filing of the information, confined in the jail of the county, or otherwise detained in custody.    It is equally clear that he was not entitled to a discharge under the provision of section 391.    The expression "before the end of the third term held after indictment," etc., must be construed as excluding the term at which the indictment is found.    Any other construction would be a distortion of a statute the provisions of which are in no sense ambiguous. The third term after the filing of the information, according to the foregoing affidavit, was the September, 1891, term, at which the plaintiff in error was convicted.    The court did not err, therefore, in overruling the motion to discharge.

2. Exception was taken to paragraph No. 6 of the charge given by the court on its own motion, as follows:

" The degree or amount of struggle and resistance necessary to be shown on the part of the prosecutrix is not the same in all cases. A strong, able-bodied woman could protect herself when a child could not. The father of a child could subdue and overcome the will of his child when a stranger could not. In all cases the jury are to consider the circumstances surrounding the parties, the ability of the woman to resist, her opportunity of getting aid, the comparative strength of the two parties, their relations, as in the case of a father and daughter, his general right to command, and her general duty to obey, and if, from all the circumstances, it appears beyond a reasonable doubt that the father, by force, threats, or putting in fear his daughter, overcame her will, and against her will forcibly and carnally knew her, he should be held criminally responsible for his act."

The vice imputed to this instruction is that undue prominence is therein given to the age and strength of the prosecutrix, who, as shown by the evidence, was under fourteen years of age at the time of the alleged assault, as well as her relation to the accused. This instruction should be read in connection with paragraph No. 5, in which the jury were told that " in order to convict they must find that the prosecutrix resisted to the extent of her ability in view of the circumstances surrounding her at the time." Such undoubtedly is the general rule, but to that rule there are some recognized exceptions, among which is that where the female assaulted is very young and of a mind not enlightened on the subject, the law exacts a less determined resistance than in the case of an older and more enlightened person. (2 Bishop, Criminal Law, 1124; Wharton, Criminal Law, 1143.) Thus, a female under ten years of age was by the common law deemed incapable of consent, and by statute in this state the age of consent has been raised to fifteen years. (Criminal Code, sec. 12.) Another exception to the rule is where the submission of the prosecutrix is induced

by fear or fraud, or through the coercion of one whom she is accustomed to obey, such as a parent or one standing *in loco parentis.* (Wharton, Criminal Law, 1144; *State v. Cross*, 12 Ia., 67; *Strang v. People*, 24 Mich., 1; *Whittaker v. State*, 50 Wis., 518; *Reg. v. Jones*, 4 L. T., n. s. [Eng.], 154.)   In view of the evidence adduced in this case, the court, after stating the general rule, was justified in directing the attention of the jury to the qualifications to which reference has been made.   There exists a wide difference between consent and submission, particularly in the case of a female of tender years when in the power of a strong man. Mere submission in that case is essentially different from such a consent as the law declares to be a justification of the act. (3 Russell, Crimes, 934.)   Coleridge, J., in *Reg. v. Day*, 9 C. & P. [Eng.], 722, thus distinguishes: "Every consent involves a submission; but it by no means follows that a mere submission involves consent.   It would be too much to say that an adult submitting quietly to an outrage of this description was not consenting; on the other hand, the mere submission of a child when in the power of a strong man, and most probably acted upon by fear, can by no means be taken as such consent."

3. Exception was taken to paragraph No. 7 of the charge of the court, as follows:

"In case of rape it is not essential that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense.   And if the jury believe from the testimony of the prosecutrix and the corroborating circumstances and facts testified to by other witnesses, that the defendant did make the assault as charged and did carnally know his daughter, forcibly and against her will, and are so convinced beyond a reasonable doubt, the law would not require that the testimony of the prosecutrix should be corroborated by witnesses as to what transpired in the room when it is alleged the assault was made."

21

This instruction embodies the rule as stated in *Fager v. State*, 22 Neb., 332, and the exception is therefore without merit.

4. It is contended that the verdict is not supported by the evidence. It is deemed unnecessary to give more than a brief synopsis of the evidence in the opinion. It is sufficient to say that, according to the testimony of the prosecutrix, she was at home on the morning in question with the accused and the younger children of the family; that in obedience to his command she went into the house from the yard where she was engaged at play with the other children; that he committed an assault upon her and finally accomplished his purpose by force and against her will. She describes with particularity the assault, her resistance, the struggle which ensued, in which her underclothing was torn off, and which ended in the violation of her person. It is shown that she immediately made complaint to a neighbor woman, describing the treatment to which she had been subjected. Dr. Gibson, who examined her a few hours later, observed that her private parts were considerably bruised; they were also torn and were then bleeding. She is contradicted, it is true, upon every material point by the testimony of the accused; but all questions of fact were fairly submitted to the jury, and the verdict will not be disturbed on the ground that the evidence is conflicting. That proposition is sustained by numerous decisions of this court and may be regarded as the settled law of this state. We find no error in the record and the judgment of the district court will be

AFFIRMED.