John Paul COOPER *v.* STATE of Arkansas

CR 81-113                    628 S.W. 2d 324

Supreme Court of Arkansas
Opinion delivered March 1, 1982

*Keith, Clegg & Eckert,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. After a trial by jury, appellant, John Paul Cooper, was convicted of aggravated robbery and sentenced as a habitual offender to 40 years in the Arkansas Department of Correction. On appeal appellant alleges the evidence is insufficient to support his conviction.

Testimony at trial revealed that Mr. Bill Cheatham, part owner of the Wilson-Bearden Drug Store in Magnolia, Arkansas, was robbed on January 25, 1980. Cheatham testified that he opened his store at 7:30 a.m. and that shortly thereafter two black males entered the store and began looking at sunglasses. Cheatham offered to help them, but they declined. He then filled prescriptions for two other customers in the back part of the store. Approximately 10 to 15 minutes later he heard someone up front. As he started in that direction, a black male stuck a gun in his chest and told him not to move. Another black male, who had a stocking over his face, put a gun to his head and said, "We want Delaudid and Preludin."

Cheatham recognized the unmasked man as one of the two men who had been looking at sunglasses. He later picked this man out of a photo lineup and identified him as Earl Mosley.

Cheatham stated that the man with the stocking over his face had the same build and was dressed in the same flowered tannish sport shirt as the person who was with Mosley at the sunglasses rack. Cheatham picked this man out of a subsequent photo lineup and identified him as appellant.

After Cheatham gave the drugs to the men, they took his

billfold and tied him up with tape. The men were unable to open the cash register; they then left the store. Cheatham broke the tape and called the police. The police took the tape from the scene of the crime for testing. At trial, an expert latent fingerprint examiner testified that appellant's fingerprint was on the tape.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. Substantial evidence is that which is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State,* 269 Ark. 119, 598 S.W. 2d 748 (1980). The fact that evidence is circumstantial does not render it insubstantial — the law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact may be inferred. *Williams* v. *State,* 258 Ark. 207, 523 S.W. 2d 377 (1975).

In this case there was substantial circumstantial evidence from which the jury could conclude that the person at the sunglasses rack, who was identified as appellant by Mr. Cheatham, was the same person who participated in the robbery a few minutes later. Both were black males, had the same physique, and were wearing the same clothes. Apparently, the only difference was that appellant was wearing a stocking over his head at the later meeting.

The State's fingerprint expert testified that a fingerprint located on the smooth side in the middle of one of the strips of tape belonged to appellant. Appellant contends it was impossible for appellant's fingerprint to have been placed on the tape during the robbery because in wrapping the tape around Mr. Cheatham the sticky side of the tape would have adhered to the smooth side, thereby transferring the print to the sticky side. Appellant contends that the better explanation for the presence of the print is that it was placed there when appellant tore off a strip of tape for a friend to use in repairing wires of a tape player. In any event, it was for the jury to decide from the evidence presented how appellant's print got on the piece of tape. There was

substantial evidence from which the jury could find that the print was placed on the tape during the robbery.

Affirmed.