Bobby CANARD *v.* STATE of Arkansas

CR 82-135                                    646 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered February 14, 1983
[Rehearing denied March 21, 1983.]

*Thaxton & Hout,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Bobby Canard, was convicted by a jury of rape and was sentenced to forty years in the Arkansas Department of Correction. The only issue on appeal is whether there is sufficient evidence to sustain the conviction. We affirm.

Testimony at trial revealed that on December 12, 1980, appellant picked up his daughter at the home of his ex-wife and took her to Wal-Mart, where he purchased some boots for her. They ate supper at the Sonic Drive-In. Afterwards, while driving towards Grubbs, Arkansas, he turned off onto a gravel road and raped her. The daughter, who was eleven years old at the time, testified that her father stopped on the gravel road, telling her he had to let his headlights warm up. She stated that he then "unzipped my pants and took my leg out ... He unzipped his pants and took his penis out and put it into me and started raping me." She testified that she told him that she "didn't want to, but he did anyway."

Appellant contends that there is no showing of forcible compulsion and alleges that deviate sexual activity could have occurred rather than rape because the testimony is unclear as to exactly what body orifice of the daughter was penetrated. He also argues that there was no showing that appellant was the man who raped her. These contentions are without merit.

Forcible compulsion is defined in Ark. Stat. Ann. § 41-1801 (2) (Repl. 1977): " 'Forcible compulsion' means physical force, or a threat, express or implied, of death or physical injury to or kidnapping of any person." In *Spencer v. State*, 255 Ark. 258, 499 S.W.2d 856 (1973) we stated that the quantum of force need not be considered as long as the act is committed against the will of the victim. Here, the daughter testified that she "didn't want to, but he did anyway," and that she was very much afraid of appellant. She also used the word "rape," which, in the context of her testimony, not only denotes sexual intercourse but also that it was done against her will. This fact, when considered with the age of the victim and the fact that appellant is her father, leads us to conclude there was sufficient evidence from which the jury could conclude that forcible compulsion was present and that rape rather than deviate sexual activity occurred.

Furthermore, there was sufficient evidence for the jury to find that appellant was the man who raped her. It is undisputed that appellant is her father, and she clearly testified that it was her "daddy" who picked her up at her house and later raped her. We find no error.

Affirmed.