Thomas Lloyd GRISWOLD *v.* STATE of Arkansas

CR 86-88                                716 S.W.2d 767

Supreme Court of Arkansas
Opinion delivered October 6, 1986

*Robert E. Irwin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. In this appeal appellant challenges the sufficiency of the evidence of forcible compulsion as an element of rape. We find the evidence sufficient and affirm.

Appellant was convicted by a jury of three counts of rape involving three female children, ages thirteen, ten, and five, and sentenced to twenty years on each count, with the sentences to be served consecutively. His arguments on appeal are directed at two of the convictions. He does not challenge his conviction for raping the five-year-old. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(b).

Appellant contends that the evidence is insufficient to sustain a conviction on counts one and two because of a lack of evidence of forcible compulsion.

The rape statute in effect when the crimes occurred was Ark. Stat. Ann. § 41-1803 (Repl. 1977), as amended by Act 620 of 1981, which provided:

> (1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> (a) by forcible compulsion; or
>
> (b) who is incapable of consent because he is physically helpless; or

(c) who is less than eleven (11) years old.

(2) Rape is a class Y felony.

■ Forcible compulsion as used in the statute has been defined as "physical force, or a threat, express or implied, of death or physical injury to or kidnapping of any person." Ark. Stat. Ann. § 41-1801 (Repl. 1977).

■■ The test for determining the sufficiency of the evidence on appeal is whether there is substantial evidence to support the verdict. *Cooper* v. *State*, 275 Ark. 207, 628 S.W.2d 324 (1982). "Substantial evidence is that which is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture." *Id.*

Here, the testimony revealed that the appellant is the uncle of the thirteen and ten-year-old victims, and that they and their mother (the appellant's sister) were living in the same house with the appellant and his wife. Both the children's mother and the appellant's wife worked at a poultry plant and the rapes allegedly occurred while they were at work and appellant was home alone with the children after school. The state offered the testimony of the thirteen-year-old and the ten-year-old as proof on the issue of force. The thirteen-year-old testified as follows:

Q: Did he (the appellant) do anything to you or make you do anything that you didn't want to do?

A: Once in a while.

. . . .

Q: And did that hurt you when he did that (had intercourse with her), cause you pain?

A: It just made me upset.

Q: Did you ever ask him not to do that?

A: Yes.

Q: Did he ever tell you not to tell?

A: Yes.

The ten-year-old victim similarly testified:

Q: Did he make you do these things, did he force you to do these things?

A: Yes.

. . . .

Q: Do you recall what he would tell you when he would take you in there (the bedroom)?

A: He says, "Don't tell anybody; anyway, they wouldn't believe you.

. . . .

Q: Did he ever make you touch any of his private parts?

A: Yes.

. . . .

Q: Did he ever hold your hands or force you or press you down or anything like that, or did he just ask you to touch his private parts?

A: He'd tell me to.

. . . .

Q: Now, did Thomas ever threaten you or hurt you in any way?

A: He told me not to tell, because nobody would believe me.

. . . .

Q: Did he force you to do this?

A: Yes.

Q: How did he force you?

A: He said do it or else.

Q: What did he mean by "else"?

A: I don't know, he never told me.

Q: How many times did he do that — "or else"?

A:  Every time he —

We have considered the quantum of proof necessary to prove forcible compulsion before. In *Canard* v. *State*, 278 Ark. 372, 646 S.W.2d 3 (1983), the appellant was convicted of raping his daughter, who was 11 at the time. Her testimony was that, " 'He unzipped his pants and took his penis out and put it into me and started raping me.' She testified that she told him that she " 'didn't want to, but he did anyway.' " In finding this evidence sufficient, we noted:

> In *Spencer* v. *State*, 255 Ark. 258, 499 S.W.2d 856 (1973) we stated that the quantum of force need not be considered as long as the act is committed against the will of the victim. Here, the daughter testified that she "didn't want to, but he did anyway," and that she was very much afraid of appellant. She also used the word "rape," which, in the context of her testimony, not only denotes sexual inter-course but also that it was done against her will. This fact, when considered with the age of the victim and the fact that appellant is her father, leads us to conclude there was sufficient evidence from which the jury could conclude that forcible compulsion was present. . . .

In *Spencer* v. *State, supra*, the appellant admitted intercourse but said it was with the consent of the prosecutrix. We held that appellant's arguments were facts to be argued to the jury, but that the jury was the sole judge of the credibility of the witnesses and it was within their province to determine whether the victim was acting under duress and fear.

Here, the thirteen-year-old victim testified that she asked appellant not to have intercourse with her and that it upset her when he did, and the ten-year-old victim testified appellant told her to "do it or else." This was sufficient proof for the jury to find the acts were consummated against the will of the girls.

In *Canard, supra*, in finding the evidence of force sufficient, this court took into account the fact that the victim was the appellant's daughter and that she was eleven. Again, in *Fields* v. *State*, 203 Ark. 1046, 159 S.W.2d 745 (1942), we found all the essential elements of rape were proved where the victim, who was twelve, testified that appellant grabbed her, threw her down on

the ground, removed her clothes, and had intercourse with her, at which time she cried. The court noted that, at the time of the offense, the appellant had been working for the victim's father for quite a while, had lived in their home, and was in the habit of playing games with the little girl. The court further stated, "It is true the little girl did not negative the fact of her consent in so many words, but she did testify that she cried which indicates very clearly that she did not consent to the act of sexual intercourse."

The age of the victim and the relationship of the victim to the assailant are key factors in weighing the sufficiency of evidence of force to prove rape. The age of the prosecutrix has always been considered an important factor in determining whether she consented to intercourse out of fear of harm. 65 Am Jur. 2d *Rape* § 11 p. 767 (1972). Similarly, our Criminal Code makes special provisions for victims of sexual offenses who are minors, waiving the forty-eight hour time limitation for reporting a sexual assault, Ark. Stat. Ann. § 41-1824 (Supp. 1985); and making it a crime to engage in sexual intercourse or sexual contact with any person other than the actor's spouse, who is more than thirteen and less than eighteen years old, if the actor is the other person's guardian, Ark. Stat. Ann. §§ 41-1826, -1827 (Supp. 1985). In addition, the emergency clause of Act 326 of 1985, codified as §§ 41-1826, -1827, provides:

> It is hereby found and determined by the General Assembly that certain individuals who are in a position of power or authority over minors have avoided prosecution under current law for certain sexual activities with such minors and that such activities by individuals should be punished.

Furthermore, Act 405 of 1985 added a new subdivision to U.R.E. Rule 803 which permits a statement made by a child under ten years of age concerning a sexual offense, child abuse or incest against that child to be admitted in a criminal prosecution. Rule 803(25). Before admitting the evidence, the judge conducts a hearing and evaluates the reliability of the statement using criteria which include the age of the child and the relationship of the child to the offender.

Likewise, other states have placed a great deal of emphasis on the age and situation of the victim in determining the

sufficiency of the evidence of force to prove rape. In *State* v. *Risen*, 235 P.2d 764 (Or. 1951) the Oregon Supreme Court found sufficient evidence where the prosecuting witness was 19 and was the daughter of the appellant's wife. The court explained that to constitute rape the act must have been committed forcibly and without the woman's consent. The court further held:

> In the present case, the complaining witness was a young girl toward whom for more than 17 years the defendant had stood *in loco parentis*. . . . [A] reading of her testimony indicates that her intelligence is not of a very high order. Upon such a person the constraints of family discipline and the habit of obedience must necessarily exercise a considerable influence. How a more mature and more intelligent woman might have reacted under the circumstances is not in point. . . . Where submission of a girl is induced "through the coercion of one whom she is accustomed to obey, such as a parent or one standing in loco parentis," the law is satisfied with less than a showing of the utmost physical resistance of which she was capable. Hammond v. State, 39 Neb. 252, 58 N.W. 92, 94; State v. Mertz, 129 Wash. 420, 225 P. 62; Hill v. State, 143 Md. 358, 122 A. 251, 253, 254.

*Accord: State* v. *Sunderland*, 468 P.2d 903 (Or. App. 1970); *Tryon* v. *State*, 567 P.2d 290 (Wyo. 1977) ("The standard of resistance in rape cases is a relative one, i.e., a victim is not required to do more than her age, strength, surrounding facts, and all attending circumstances make it reasonable for her to do in order to manifest opposition.")

Here, both victims were children and they were alone every day after school with the appellant, who was their mother's brother and the only adult male living in the house. The jury would be justified in finding that their submission was induced through the forcible coercion of appellant, who stood *in loco parentis* to the girls. Under these circumstances, the testimony of each victim was sufficient proof for the jury to find forcible compulsion.

Accordingly the judgment appealed from is affirmed.