The Honorable Sam Pope Prosecuting Attorney Tenth Judicial District 409 North Main Street P.O. Drawer 32 Hamburg, Arkansas 71646
Dear Mr. Pope:
This is in response to your request for an opinion on the construction of Title 5, Chapter 14 of the Arkansas Criminal Code concerning sexual offenses. Specifically, you ask whether one can be convicted of a criminal offense for engaging in unwanted "sexual contact," when the victim is fourteen to seventeen years of age.
The facts that you relate in your letter are as follows:
 A man, D, engages in sexual contact with a woman, V, who is 14 years of age or older, without her consent, but also without forcible compulsion. Can D be convicted of any criminal offense under the Arkansas Criminal code?
It is my opinion, assuming the facts you have presented, that the answer to your question is "no."
I will not address 5-14-103 to -107 of the Arkansas Code, which pertain to sexual intercourse or deviate sexual behavior, because they are not applicable in this instance. Your question involves "sexual contact" which is a term defined very specifically in subchapter 5-14-101 et seq.
There are three statutes dealing with "sexual contact" in the subchapter of the Arkansas Code governing sexual offenses. They are A.C.A. 5-14-108, 5-14-109, and 5-14-121 (Repl. 1993). The first provides as follows:
 (a) a person commits sexual abuse in the first degree if:
 (1) He engages in sexual contact with another person by forcible compulsion; or
 (2) He engages in sexual contact with another person who is incapable of consent because he is physically helpless; or
 (3) Being eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old; or
 (4) He engages in sexual contact with a person who is less than sixteen (16) years of age and who is incapable of consent because he is mentally defective or mentally incapacitated.
 (b) Sexual abuse in the first degree is a Class C felony.
A.C.A. 5-14-108 (Repl. 1993).
Your question refers to a woman who is fourteen years or older. You have stated that the requisite forcible compulsion is not present.[1] I assume that the victim is not physically helpless. I am also assuming that the girl is not mentally defective or mentally incapacitated.
Based on these assumptions, the defendant in your fact scenario could not be convicted under this statute. It should be noted that if the victim is under the age of fourteen, you can convict regardless of consent. When the victim is over the age of fourteen, however, you would have to prove forcible compulsion, physical helplessness, or mental defect or incapacitation under this statute.
The statute defining sexual abuse in the second degree is as follows:
 (a) A person commits sexual abuse in the second degree if:
 (1) He engages in sexual contact with another person not his spouse who is incapable of consent because he is mentally defective or mentally incapacitated;
 (2) Being less than eighteen (18) years old, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old. It is an affirmative defense to prosecution under this subdivision that the actor was not more than two (2) years older than the victim.
 (b) Sexual abuse in the second degree is a Class A misdemeanor.
A.C.A. 5-14-109 (Repl. 1993).
Under this statute, one could be convicted for sexual contact with another who is under fourteen regardless of consent. When the victim is over the age of fourteen, however, the victim must be incapable of consent. If, as I assume, the victim in your hypothetical question is not incapable of consent, D could not be convicted under this statute.
The third and final statute proscribing sexual contact is A.C.A. 5-14-121 which provides as follows:
 (a) A person commits the offense of violation of a minor in the second degree if he engages in sexual contact with another person not his spouse, who is more than thirteen (13) years of age
 and less than eighteen (18) years of age, and the actor is the minor's guardian, and employee in the minor's school or school district, a temporary caretaker, or a person in a position of trust or authority of the minor.
 (b) Violation of a minor in the second degree is a Class D felony. [Emphasis added.]
You have not indicated that D is the guardian, a school employee, temporary caretaker or a person in a position of trust or authority. If not, D may not be convicted under this statute.
You have suggested amending A.C.A. 5-14-121 to read, "A person commits the offense of violation of a minor in the second degree if he engages in sexual contact with another person not his spouse, who is more than thirteen (13) years of age and less than eighteen (18) years of age." You stated that "this would make any individual who engaged in unwanted sexual contact with another individual over the age of thirteen but under the age of eighteen guilty of this offense." I should point out that this statute does not address "unwanted" sexual contact. Under this statute, if a person in a position of trust or authority engages in sexual contact with one over thirteen but under eighteen, then it is a crime, regardless of consent. Thus, amending the statute as you suggest would make any sexual contact with an individual between the ages of thirteen and eighteen illegal — with or without consent.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ddm/cyh
[1] In addressing forcible compulsion, the Arkansas Supreme Court has stated in some circumstances that the amount of force does not have to be considered as long as the act was against the will of the victim. Griswold v. State, 290 Ark. 79,716 S.W.2d 767 (1986) (quoting Spencer v. State,255 Ark 258, 499 S.W.2d 856 (1973)). In making such a determination, the age of the victim and the relationship of the assailant to the victim are key factors. Although you have stated as a premise of your question that no forcible compulsion existed, although there was no consent, it should be noted that under certain factual circumstances, a finding of nonconsensual contact may satisfy the forcible compulsion requirement. See Griswold, supra.