Dennis Dale SUBLETT *v.* STATE of Arkansas

CR 97-49                                                989 S.W.2d 910

Supreme Court of Arkansas
Opinion delivered May 6, 1999

*Kenneth G. Fuchs* and *Robert W. Bush,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

W H. "DUB" ARNOLD, Chief Justice. Pursuant to Ark. Code Ann. section 5-14-103(a)(1), the State charged appellant, Dennis Sublett, with two counts of rape by forcible compulsion of his daughters, D.S. and A.S. The trials were severed, and the trial involving D.S. proceeded first and is the subject of the instant appeal. Appellant was convicted of the rape of D.S. and sentenced to life imprisonment in the Arkansas Department of Correction. From that conviction comes the instant appeal, challenging the sufficiency of the evidence. Our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(a)(2) (1998). We find no merit in appellant's argument, and we affirm.

## I. Standard of review

We note that appellant fails to offer any authority or convincing argument in support of his position that the evidence is insufficient to support his rape conviction. As a general rule, where it is not apparent without further research that the argument is well-taken, we do not consider such arguments on appeal. *Matthews v. State*, 327 Ark. 70, 74, 938 S.W.2d 545, 547 (1997). However, given that the appeal involves a sentence of life imprisonment, we will address the merits of appellant's argument.

When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *See Freeman v. State*, 331 Ark. 130, 131-32, 959 S.W.2d 400, 401 (1998). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Id.* Notably, the evidence may be either direct or circumstantial. *See Gillie v. State*, 305 Ark. 296, 301, 808 S.W.2d 320, 322 (1991). Circumstantial evidence can provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion.

*Gillie*, 305 Ark. at 301, 808 S.W.2d at 322 (citing *Trotter v. State*, 290 Ark. 269, 719 S.W.2d 268 (1986)).

## II. Sufficiency of the evidence

■ ■ For his sole point on appeal, appellant argues that the State failed to present sufficient evidence to prove the element of "forcible compulsion" as required by Ark. Code Ann. § 5-14-103 (Repl. 1997). Section 5-14-101(2) defines forcible compulsion as "physical force or a threat, express or implied, of death or physical injury to or kidnapping of any person." "Physical force" has been defined to mean "any bodily impact, restraint or confinement, or the threat thereof." *Freeman v. State*, 331 Ark. 130, 132, 959 S.W.2d 400, 401 (1998) (citing *Strawhacker v. State*, 304 Ark. 726, 731, 804 S.W.2d 720, 723 (1991)). The test that we have used to determine whether there was physical force is "whether the act was against the will of the party upon whom the act was committed." *Freeman*, 331 Ark. at 133, 959 S.W.2d at 401 (citing *Mosley v. State*, 323 Ark. 244, 249, 914 S.W.2d 731, 734 (1996)).

■ In light of D.S.'s own testimony, the State presented sufficient evidence for the jury to conclude that appellant threatened her with death or physical injury and that appellant's actions were against her will. Specifically, D.S. testified that her father had intercourse with her on a regular basis from the time that she was twelve until she was eighteen years old. She stated that when she was twelve years old, the appellant forced her to have sex with him, and that it was not something that she wanted to do, but that she did it because she was afraid of him. She also reported that appellant had hurt her and other members of her family. In that regard, D.S. described an incident when appellant gathered the six family members in a room, lined up six bullets, and shot himself to prove a point to the family.

■ ■ Moreover, a victim's age and relationship to the assailant are key factors in weighing the sufficiency of the evidence to prove forcible compulsion. *Caldwell v. State*, 319 Ark. 243, 247, 891 S.W.2d 42, 45 (1995) (citing *Keifer v. State*, 297 Ark. 464, 762 S.W.2d 800 (1989)); *Griswold v. State*, 290 Ark. 79, 85,

716 S.W.2d 767, 769 (1986). Age is also an important factor in determining whether the victim consented to intercourse out of fear of harm. *Griswold*, 290 Ark. at 85, 716 S.W.2d at 769. Additionally, when the assailant stands *in loco parentis* to a victim, the law regarding force is satisfied with less than a showing of the utmost physical resistance of which the victim is capable. *Caldwell*, 319 Ark. at 247, 891 S.W.2d at 45 (citing *Griswold v. State*, 290 Ark. 79, 716 S.W.2d 767 (1986)). Here, given that D.S. is appellant's daughter and that she testified that the intercourse began when she was about twelve, we may conclude that the State presented sufficient evidence to prove rape by forcible compulsion.

■ Although a rape victim's testimony need not be corroborated to support a conviction, *Curtis v. State*, 301 Ark. 208, 783 S.W.2d 47 (1990), the State also presented testimony from D.S.'s younger sister, A.S., and their mother, Marion Sublett. A.S. testified that appellant began having intercourse with her when she was twelve or thirteen years old and continued until she was eighteen years old. The State also introduced physical evidence relating to A.S.'s claims that she had intercourse with the appellant.

A.S. also reported that appellant hit her mother and brothers and threatened to kill her and to hurt other family members. She explained that she believed appellant's threats because he had shot himself once. Like D.S., she described the scene when appellant gathered the family, lined up six bullets, loaded a gun, pointed it at his head, and then shot himself in his side. According to A.S., appellant told the family that they "weren't listening to him and paying attention to him." A.S. stated that she believed that if he could do that, he could also shoot someone else. She also testified that she was afraid of the appellant. After telling her aunt about what was happening between her and her father, her aunt took her to the Department of Human Services.

Marion Sublett, appellant's wife, also testified for the State. Following a discussion with the mother of one of A.S.'s friends, Marion learned that A.S. had told her friend that her father was having intercourse with his daughters. At that time, Marion

explains that she advised the girls not to discuss the matter with appellant because she was afraid that he would hurt them. Like her daughters, Marion also testified about the incident involving the six bullets and appellant's shooting himself to make a point. She also related that when she came home one day, she saw through a window her daughter A.S., lying on a bed with her pants down, her legs raised, and appellant undoing his pants. She questioned appellant, but he responded that he was not doing anything. Significantly, Marion stated that appellant admitted to having intercourse with A.S. for about three years but denied that he had done anything with D.S.

We have stated that the trier of fact is free to believe all or part of a witness's testimony. *Freeman*, 331 Ark. at 134, 959 S.W.2d at 402 (citing *Mosley v. State*, 323 Ark. at 250, 914 S.W.2d at 734)). Here, the jury apparently chose to believe the testimony of the victim, her sister, and her mother, and chose to disbelieve the appellant's alleged denial to his wife. In light of the foregoing, we conclude that the State presented sufficient evidence to prove the element of forcible compulsion. Accordingly, viewed in the light most favorable to the State, there is substantial evidence to support appellant's conviction.

### III.   Rule 4-3(h)

In accordance with Ark. Sup. Ct. R. 4-3(h) (1998), the record has been reviewed for adverse rulings objected to by the appellant but not argued on appeal, and no reversible errors were found. We affirm appellant's judgment of conviction.