Wardell FRANKS *v.* STATE of Arkansas

CR 00-205                                                27 S.W.3d 377

Supreme Court of Arkansas
Opinion delivered September 28, 2000

*Bishop & Bishop*, by: *Eric T. Bishop*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey Weber*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Wardell Franks was convicted of first-degree murder for the slaying of Shirley Gillam and sentenced to life in prison. He appeals on the basis that the evidence was insufficient to sustain the verdict. We affirm.

The facts of this case are largely undisputed. On the evening of October 23, 1998, Franks and Gillam met at Brookshire's, a shopping establishment in Ashdown. They decided to leave and drove their respective cars to an area behind the Soulville Club. There, Gillam joined Franks in his car, and they apparently engaged in sexual activity. Franks and Gillam left separately, and later on Franks realized that he did not have his wallet. He went back to the location behind the club and found his wallet, which had contained at least $200 but now was empty. He became enraged and went to his house to get his gun, a Virgo .38 caliber revolver. He began searching for Gillam. He found her in the duplex mobile home where Preston Adams and Helen Cook lived. Cook was related to Gillam. He knocked on the door, and Gillam went out on the front porch to speak with Franks. Franks accused her of stealing his money and threatened her with the gun. Gillam stated that she did not have his money and, according to Franks, taunted him, saying

that she did not believe that he would shoot her. At that time, Franks, who was holding Gillam by her shirt collar with the gun in her face, shot her in the mouth. She fell to the ground. Franks shot her twice in the back as she lay on the ground.

After the killing, Franks drove his pick-up truck to his place of employment and walked home. Witnesses at the crime scene described the truck Franks had been driving to police officers, and the truck was later found at Franks's place of employment, Little River Millworks, and impounded. The next morning, Franks called the Ashdown Police Department and reported that his truck had been stolen. Police officers went to where he was residing, and while they were waiting for other police officers to arrive, Franks left from the rear of the house, carrying a gun inside of a towel. Franks was arrested, and the gun, which was the Virgo .38 caliber revolver, was sent to the Arkansas Crime Lab for testing. The test results showed that the bullets removed from Gillam's body were fired from this gun.

While in custody Franks initially denied knowing anything about the murder. Later, he told police officers that he was with Gillam the night before and that he did find his empty wallet at the Soulville Club location where the two had been. He further admitted to going home, getting his gun, and searching for Gillam. When he found her, he admitted that he told her to give him his money, and she refused. He then said that he "shot three times."

Franks was charged with first-degree murder. At trial, the defense counsel moved for directed verdict on the ground that the evidence of the necessary intent for first-degree murder was deficient. The motion was denied. The trial court, however, did instruct the jury on the lesser-included offenses of second-degree murder and manslaughter. The jury returned a verdict of first-degree murder, and Franks was sentenced to life imprisonment.

■ The only point raised by Franks on appeal is that the evidence was insufficient to sustain a verdict of first-degree murder. The essence of his argument is that he was provoked by Gillam's presumed theft and taunting comments just before the slaying. This court has stated that the test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998). In

determining whether substantial evidence exists, we view the evidence in the light most favorable to the State. *Sublett v. State*, 337 Ark. 374, 989 S.W.2d 910 (1999). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *McDole v. State*, 339 Ark. 391, 6 S.W.3d 74 (1999).

■ Here, the undisputed facts show that Franks was infuriated when he discovered that his money was missing from his wallet after he had been with Gillam and that he went to get his gun before searching for Gillam. When he confronted Gillam at the Adams/Cook residence, he said, "Give me my money or I will blow the top of your head off." Gillam replied that she did not have his money and added,"Oh, I guess you're going to shoot me." This comment further infuriated Franks. He backed her against the wall, grabbed her shirt, and pointed the revolver in her face. He said, "You don't believe I'll shoot you." He shot Gillam in the mouth and twice in the back after she fell to the ground. The Associate Medical Examiner, Dr. Stephen Erickson, testified at trial that the gunshot wound in the mouth itself was not fatal, but that Gillam died from multiple gunshot wounds and specifically from two gunshot wounds to her back. Franks admitted to investigating officers that he shot his revolver three times. The bullets retrieved from Gillam's body were positively fired from the Virgo .38 caliber gun found in Franks's possession. Viewing this evidence in the light most favorable to the State, it is more than ample to support a conviction for first-degree murder.

Franks, however, takes issue with the fact that he was charged with and found guilty of first-degree murder, which requires that a defendant "[w]ith a purpose of causing the death of another person, . . . causes the death of another person." Ark. Code Ann. § 5-10-102(a)(2) (Repl. 1997). The Criminal Code defines the culpable mental state of "purposely" as: "A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result." Ark. Code Ann. § 5-2-202(1) (Repl. 1997). Franks maintains that there is no evidence that he purposely went about the murder. Rather, he argues that he was enraged by Gillam's actions, and when he shot her, he was "under the influence of extreme emotional disturbance for which there is reasonable excuse." Ark. Code Ann. § 5-10-104. That is the criminal intent

for manslaughter, which he advocates, would have been the more appropriate conviction.

Again, we have no hesitation in affirming the verdict and sentence in this case. The evidence is substantial that Franks purposely carried out a plan of murder after the theft of $200 by going home to retrieve his gun and shooting his victim not only in the mouth but twice in the back. Under these facts, the jury could reasonably have concluded that the shots in the back were to assure her death. Moreover, we note that mere taunts such as those relied on by Franks as a catalyst for his emotional disturbance have been held by this court not to be a sufficient provocation to sustain even a manslaughter conviction. *See Spann v. State*, 328 Ark. 509, 944 S.W.2d 537 (1997). In *Spann*, we said that the necessary provocation for manslaughter must be in the form of physical fighting, a threat, or a brandished weapon. *Id.*

The record in this case has been reviewed pursuant to Supreme Court Rule 4-3(h) for reversible error, and none has been found.

Affirmed.