Joseph Michael BREAULT *v.* STATE of Arkansas

CR 83-45                                      659 S.W.2d 176

Supreme Court of Arkansas
Opinion delivered October 17, 1983

NaN*Jeff Rosenzweig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. The appellant, Joseph Michael Breault, was convicted in the Saline County Circuit Court of the capital felony murder of Sandra McCann. The jury fixed his punishment at life imprisonment without parole. On appeal, we affirm.

On February 2, 1980, Robert Richard Heffernan, Doreen Smock, appellant, and appellant's wife, Annette Breault Pinsonnault arrived at the Jellystone Park near Benton. They were traveling in a truck with a camper attached and registered under the fictitious name of Barry Moore. Both appellant and Heffernan wore pistols. The camper was removed from the truck. Appellant and Heffer-

nan, both wearing guns, left the park together in the truck on various occasions during their stay there.

On February 3, 1980, at about 5:45 p.m., the victim went to the laundromat at Indian Springs. Around 9:00 p.m., when she had failed to return home, her mother's fiance went to look for her at the laundromat. The victim was not there. Some of the clothes she had taken to wash were in the dryers, some on the floor, and some hanging up. The victim's car keys and book were left on a table; her coat was left in a chair.

The next day around dinner time, her body was found on a dirt road off Highway 5. She was dressed in blue jeans and a sequin-appliqued tee shirt. Motile sperm were found in her vagina. She had been shot four times. A bullet was retrieved from her body and another one from her clothing.

On February 5, 1980, appellant, Heffernan, and the two women left Jellystone Park, cutting short their intended stay by one day, and traveled to Lake Texoma, Oklahoma. Appellant there stated to Ms. Pinsonnault in front of the others that he had gotten rid of the pistols. The four then traveled to Colorado where they were apprehended by the Colorado State Police.

First, appellant argues that the evidence was insufficient to support the jury's verdict. Testimony established that appellant departed from the campground wearing a gun and in company with Heffernan; there was testimony of appellant's statement made at Lake Texoma that he had gotten rid of the guns; testimony established that two bullets taken from the victim's body had been fired from the gun recovered from Lake Texoma; and it was established that the hair and sequins found on the victim's body matched the hair and sequins found on appellant's clothing retrieved from the camper. This evidence was sufficient to support the jury's verdict. "The fact that evidence is circumstantial does not render it insubstantial — the law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact may be inferred." *Cooper* v. *State,* 275 Ark. 207, 209, 628 S.W.2d 324, 325 (1982). Where the

verdict is supported by any substantial evidence the verdict must be affirmed. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). See also *Cassell* v. *State,* 273 Ark. 59, 616 S.W.2d 485 (1981).

Second, appellant argues that the trial court erred in instructing the jury not to complete the verdict forms on the underlying felonies. The jury, by implication, had to find appellant guilty of either kidnapping or rape in order to find him guilty of capital felony murder. The circumstantial evidence is equally persuasive as to both kidnapping and rape. We have previously held that the jury need not specify which one of two underlying felonies the defendant is guilty of in a capital felony murder charge. *Sumlin* v. *State,* 266 Ark. 709, 724-25, 587 S.W.2d 571, 580 (1979).

Third, appellant argues that the integrity of the evidence was violated, making testimony of the scientific comparison of the animal hair and sequins unreliable. Both truck and camper were sealed when seized. Only police investigators entered the vehicles. There is, therefore, no merit to this argument.

Fourth, appellant argues that error occurred in the seating of the jury. Appellant contends that the trial court's denial for cause of venireman Hess Carlton forced him to use his last peremptory challenge which resulted in another juror being seated whom he would have challenged. During questioning, Carlton stated that a person found guilty of kidnapping and rape should be executed. In further questioning by the trial court, Carlton stated he would consider the law and the evidence and deliberate with the other jurors before voting for a death sentence. We find that juror Carlton was sufficiently rehabilitated by the trial court so that the court was correct in not striking him for cause. *Hill* v. *State,* 275 Ark. 71, 83-84, 628 S.W.2d 285 (1982).

Appellant also argues that the jury, being death qualified pursuant to *Witherspoon* v. *Illinois,* 391 U.S. 510 (1968), was more prone to convict and that he was thus denied a fair trial. We have consistently rejected this

argument. For a review of our cases so holding, see *Rector v. State,* 280 Ark. 385, 659 S.W.2d 168 (1983).

Fifth, appellant argues that the trial court erred in failing to submit to the jury, as a simple defense, the affirmative defense of nonparticipation provided for in Ark. Stat. Ann. § 41-1501 (2) (Repl. 1977). Appellant contends that an affirmative defense places the burden of proof upon the defendant to prove a fact by the preponderance of the evidence which is actually an element of the crime and therefore a fact which the State must prove beyond a reasonable doubt. Such is not the law. We have previously held that the burden on the defendant to prove an affirmative defense does not arise until the state has met its burden of proof as to the elements of the offense. *Moss v. State,* 280 Ark. 27, 30-31, 655 S.W.2d 375 (1983).

We have examined all other objections made during the trial pursuant to Rule 11 (f), Rules of the Supreme Court, Ark. Stat. Ann., Vol. 3A (Repl. 1977) and find no error. See *Earl v. State,* 272 Ark. 5, 612 S.W.2d 98 (1981).

Affirmed.