Vernon Lee CANNON *v.* STATE of Arkansas

CR 85-20                                    690 S.W.2d 725

Supreme Court of Arkansas
Opinion delivered June 10, 1985

*William R. Simpson, Jr.*, Public Defender, *Deborah R. Sallings*, Deputy Public Defender, *Jerome Kearney*, Deputy Public Defender, by: *Carolyn P. Baker*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Alice Ann Burns*, Deputy Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was sentenced to imprisonment for life without parole upon conviction of capital felony murder. The felony was arson. He was accused of setting fire to the home of Beatrice Boykin and causing the deaths of two of Mrs. Boykin's children. Our jurisdiction is based on Arkansas Supreme Court and Court of Appeals Rule 29. 1. b.

Three points of appeal are raised. First, the appellant contends there is no difference between the elements of first degree felony murder and capital felony murder and this overlap deprives the accused of due process and equal protection of the laws. Second, he contends a mistrial should have been declared when a juror, after voir dire, stated she had some prior knowledge of the crime. Third, he questions the sufficiency of the evidence. We will treat these points in inverse order.

## 1. Sufficiency of the evidence

Cannon had been living at Mrs. Boykin's home. She testified she asked him to leave because she had had trouble with him. He asked to be allowed to return, and she refused. Mrs. Boykin testified that, a short time after Cannon had moved out, he told her he would burn her house down. She did not consider Cannon to have been serious when he made the threat.

A volunteer fireman's initial report concluded the fire was caused by the use of a kitchen range for heating the home.

However, a state police investigator's report concluded the fire had been set deliberately and was arson.

The threat and the conclusion of arson, even when combined with other evidence of trouble between Cannon and Mrs. Boykin might not have been sufficient to sustain the conviction. However, Audrey Anthony testified Cannon told her he was sorry he had "killed the kids and it should have been Beatrice." Robert Dozier testified "[h]e said he had finally got that bitch and that he had burnt the house down."

■ We hold there was substantial evidence to support the conviction. *Breault* v. *State*, 280 Ark. 372, 659 S.W.2d 176 (1983). There was no need for the jury to resort to speculation or conjecture. *Heard* v. *State*, 284 Ark. 457, 638 S.W.2d 232 (1985).

## 2. Juror's knowledge

During the prosecutor's opening argument a juror realized that her daughter's schoolmates had taken up a collection to benefit the family of one of the deceased Boykin children. She got the attention of the prosecutor and of the court who had the juror approach the bench along with counsel. Out of the hearing of other jurors the one in question was asked whether her prior knowledge of the deceased child would affect her ability to serve. While she gave, at first, one or two somewhat equivocal responses, such as, "I don't think so but I don't know. I've never been through a trial before. I don't think so. I don't think—I arbitrate between children all the time so—," her ultimate statement was that she could and would obey the court's instructions. The juror said she did not know the deceased child, and that her daughter did not know her either.

We agree with the appellant's contention that a juror's final statement that she can put aside opinions already formed, conceptions and information she may have about the case may not be sufficient. *Glover* v. *State*, 248 Ark. 1260, 455 S.W.2d 670 (1970). However in this case there is no evidence whatever that the juror had any opinion or conception of the case. The only information she had was knowledge of the deceased child's name and the action taken at the school.

The appellant's principal citation on this point is *Walton* v.

*State*, 279 Ark. 193, 650 S.W.2d 231 (1983), where it was held that a juror who had not been truthful in answers given on voir dire should have been excused upon challenge for cause despite her responses stating she could be fair and impartial. In the case before us now we have a virtually opposite situation with a juror who is honest almost to a fault. Had this juror had a relationship with the deceased child, we might have found her assurances unsatisfying, *Swindler* v. *State*, 264 Ark. 107, 569 S.W.2d 120 (1970), but that was not the case.

■ We hold the judge did not abuse her discretion by failing to grant a mistrial.

### 3. Overlapping crimes

■■ Ark. Stat. Ann. § 41-1501(1)(a) (Repl. 1977) provides that one who, in the course of committing arson, kills another is guilty of capital murder. Ark. Stat. Ann. § 41-1502(1)(a) (Repl. 1977) provides that one who, in the course of committing a felony, kills another is guilty of murder in the first degree. The range of punishments for these two offenses, of course, differs. The appellant's argument is that this overlapping of statutes permits capriciousness in charging by the prosecutor and in deciding by the jury between the offense of capital murder and the lesser included first degree murder.

The appellant recognizes that we have decided this precise issue contrary to his argument "on numerous occasions," and he is raising it here "to preserve it for additional appeals, should that action become necessary."

■ We need only say we have been given no reason to depart from our holdings in, *e.g., Ruiz* v. *State*, 273 Ark. 94, 617 S.W.2d 6 (1981), *cert. den.* 454 U.S. 1903 (1981), and *Wilson* v. *State*, 271 Ark. 682, 611 S.W.2d 739 (1981), in which we reviewed decisions of the U.S. Supreme Court, *i.e., Beck* v. *Alabama*, 447 U.S. 625 (1980); *Roberts* v. *Louisiana*, 428 U.S. 325 (1976), and found our statutory scheme to be constitutionally healthy in comparison with the laws found in those cases to have been infirm.

Affirmed.