John Edward ZONES *v.* STATE of Arkansas

CR 85-138 702 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered December 23, 1985

 

*William R. Simpson, Jr.*, Public Defender; *Howard W. Koopman*, Deputy Public Defender; *Thomas J. O'Hern*, Deputy Public Defender; by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. At trial, the charges of capital murder, aggravated robbery, and kidnapping were submitted to the jury, and the jury found that the appellant had committed all three crimes. The trial court entered judgment of conviction only for capital murder. *See* Ark. Stat. Ann. § 41-105 (Repl. 1977). The appellant contends the evidence is insufficient to support the conviction for capital murder. We affirm the conviction.

On July 7, 1984, at about 10:00 p.m., appellant and Herman Holland, a co-defendant, were seen together in the Palladium, a bar in Little Rock which was frequented by homosexuals. A bartender testified that appellant and Holland had drinks with the victim, James Mitchell, until about 1:00 a.m. Appellant and Mitchell were then seen with the victim in the victim's Cadillac automobile. Appellant Holland, and the victim were next seen at another bar, Discovery, which also was frequented by homosexuals. Witnesses saw them drink there until 4:00 a.m., and the three of them were later seen on the parking lot outside the bar. The victim was never seen alive again.

Nadine Zapata testified that the next morning appellant and Holland drove up to her house in the victim's car, and Holland told her that they had been out all night with a fellow and had stolen his car. He offered her $100.00 to follow them so they could dump the car. She refused. She testified that the appellant then asked Holland to ask her if she would do it for $500.00 worth of tools. Again, she refused. The victim's burned out automobile was later found on Arch Street Pike by the railroad tracks, a short distance from appellant's hobo home.

On either July 9 or July 10, the police picked up appellant on a different matter, but he had bandages on his head, hand, and arm at the time. He offered no explanation for his injuries.

On August 3, a Little Rock police officer attempted to arrest appellant for driving while intoxicated. Appellant jumped out of his car and ran, but was apprehended. While enroute to jail, appellant asked the officer, "What are you arresting me for? For killing that guy?"

Later, after being arrested for this murder, appellant was able to show the police not only the precise location of the victim's body submerged in a swamp some 150 steps from a road, but the location of a tire tool submerged nearby as well. The back of the victim's head had been smashed in.

■ The evidence, taken together, was sufficient to sustain the conviction for capital murder.

■ The appellant gave a statement to the police, and testified in court, that Holland wanted to hustle homosexuals, and that he, appellant, was an unwilling bystander to the crimes which were committed by Holland. The jury was not required to accept appellant's testimony as uncontradicted. *Thomas* v. *State*, 266 Ark. 162, 583 S.W.2d 32 (1979). This is especially true where the testimony of the accused, probably the person most interested in the outcome of the trial, is involved. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979).

■ The appellant next argues that the overlap between the capital murder statutes and the first degree murder statutes violated the Due Process and Equal Protection Clauses of the Constitution of the United States. This argument has been made and rejected on numerous occasions. *Wilson* v. *State*, 271 Ark. 682, 611 S.W.2d 739 (1981); *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981); *Simpson* v. *State*, 274 Ark. 188, 623 S.W.2d 200 (1981); *Abernathy* v. *State*, 278 Ark. 250, 644 S.W.2d 590 (1983); and *Cannon* v. *State*, 286 Ark. 242, 690 S.W.2d 725 (1985). Again, we reject the argument.

Under A.R.Cr.P. Rule 36.24 and our Rule 11(f), we have reviewed the other rulings adverse to appellant and find no erroneous prejudicial ruling.

486

Affirmed.

PURTLE, J., not participating.