**Vernon Lee CANNON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Dept. of Correction, Appellee.**

No. 87–2059.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1988.

Decided June 28, 1988.

Rehearing and Rehearing En Banc Denied Sept. 13, 1988.

John E. Moore, Little Rock, Ark., for appellant.

J. Brent Standridge, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and HANSON,* Senior District Judge.

LAY, Chief Judge.

Vernon Lee Cannon, a state prisoner, appeals the magistrate's [1] denial of his petition for a writ of habeas corpus. Cannon was sentenced to imprisonment for life without parole upon conviction of a capital felony murder under Arkansas law. He was convicted of setting fire to the home of Beatrice Boykin and causing the death of two of Mrs. Boykin's children.

On appeal to the Arkansas Supreme Court, he claimed inter alia that he had been denied a fair trial because one of the jurors had failed to disclose on voir dire that her daughter had been a classmate of one of the deceased children. After the jury had been impaneled and the trial started the juror made the disclosure, realizing that the school had raised funds for one of the deceased children and that it had been an "emotional" experience for the children. She stated she now remembered that she had read about the fire and the deaths but at the time of voir dire had not recognized the name of the deceased children. Upon further examination by the trial court and counsel the juror stated that she did not know the deceased child, her daughter did not know her either, and the juror had no conception or opinion of the case.

The Arkansas Supreme Court recognized that the juror did give one or two equivocal responses as to whether she could sit as a fair and impartial juror but that her ultimate statement was that she could be impartial and follow the court's instructions. The court held there was no abuse of discretion by the trial court in failing to grant a new trial and affirmed the conviction.

1. The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas, sitting by order of the district court with the consent of the parties. See 28 U.S.C. § 636(c).

*Cannon v. State,* 286 Ark. 242, 690 S.W.2d 725 (1985). Upon petition for writ of habeas corpus in the federal district court the magistrate held that the state court's finding was entitled to a presumption of correctness under *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). On this appeal counsel argues that had such information been disclosed by the juror on voir dire he would have exercised one of his peremptory challenges to strike that juror and that the defendant therefore had been denied his constitutional right to a fair and impartial jury.

■■■ The initial step in our analysis is whether Cannon's claim is even cognizable in a petition for writ of habeas corpus. Peremptory challenges are not guaranteed by the Constitution but are based in English common law, and have long been recognized in the courts of the United States. *See Pointer v. United States,* 151 U.S. 396, 408, 14 S.Ct. 410, 414, 38 L.Ed. 208 (1894) (quoting Lord Coke, *Co. Litt.* 156b); *Lewis v. United States,* 146 U.S. 370, 376, 13 S.Ct. 136, 138, 36 L.Ed. 1011 (1892) (quoting 2 W. Blackstone, *Commentaries* *353). Although not a constitutional right itself, the ability to use a peremptory challenge, once granted by statute, falls within the mandate of the sixth amendment that a defendant be tried by a fair and impartial jury. *See United States v. Bynum,* 634 F.2d 768, 771 (4th Cir.1980) (on direct questioning juror deliberately withheld brother's, sister-in-law's and nephew's convictions; "[W]hen possible non-objectivity is secreted and compounded by the deliberate untruthfulness of a potential juror's answer on *voir dire,* the result is deprivation of the defendant's right to a fair trial."); *Photostat Corp. v. Ball,* 338 F.2d 783, 786 (10th Cir.1964) (four jurors failed to mention involvement in car accidents; "No one will gainsay that the denial or substantial impairment of the statutory right of peremptory challenge is prejudicial to the constitutional right to a fair and impartial jury.").

For purposes of our discussion we assume that counsel would have exercised a peremptory challenge to the juror. She not only had direct knowledge of the death of one of the decedents but was aware of an emotional experience in which her child had participated at school arising out of the death. It is not unreasonable to assert that competent counsel would have tried to strike her for cause, and if unsuccessful, to exercise one of his peremptory challenges. Any element of sympathy for the decedent could conceivably affect the judgment of a juror. Therefore counsel's argument is not unreasonable.

*McDonough Power Equip. Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), involved a suit for injuries caused by contact with a riding lawnmower. On voir dire the jurors were questioned as to whether any member of their families had sustained an injury resulting "in any disability or prolonged pain and suffering * * *." *Id.* at 550, 104 S.Ct. at 847. Juror Payton failed to mention that his son had suffered a broken leg in the explosion of a truck tire. Payton's explanation for nondisclosure was that he did not consider it to have been a severe injury. The Supreme Court reversed the court of appeals, which had granted a new trial, and stated that " ' "[a litigant] is entitled to a fair trial but not a perfect one," for there are no perfect trials.' " *Id.* at 553, 104 S.Ct. at 848 (quoting *Brown v. United States,* 411 U.S. 223, 231–32, 93 S.Ct. 1565, 1570–71, 36 L.Ed.2d 208 (1973) (quoting in turn *Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968))). The Court went on to explain its rationale:

A trial represents an important investment of private and social resources, and it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination.

*McDonough,* 464 U.S. at 555, 104 S.Ct. at 850.

The Court adhered to a harmless error test and stated:

We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

*Id.* at 556, 104 S.Ct. at 850.

▪ We note that five justices concurred in Justice Rehnquist's opinion, but wrote separately. Their concurrences modify the Court's statement in that they held that whether the juror's nondisclosure "is honest or dishonest" it is still within a trial court's option in determining bias to hold a post-trial hearing. *Id.* at 556–57, 104 S.Ct. at 850–51 (Blackmun, J., concurring). Justice Brennan wrote for himself and Justice Marshall that the case should focus on " 'bias in fact or bias conclusively presumed as [a] matter of law.' " *Id.* at 558, 104 S.Ct. at 851 (Brennan, J., concurring) (quoting *United States v. Wood*, 299 U.S. 123, 133, 57 S.Ct. 177, 179, 81 L.Ed. 78 (1936)). He emphasized that "whether an inaccurate answer was inadvertent or intentional, [is] simply [a] factor[ ] to be considered" in determining actual bias. *Id.*, 464 U.S. at 558, 104 S.Ct. at 851 (Brennan, J., concurring).

It would thus appear that a juror's dishonesty is not a predicate to obtaining a new trial. The focus is on bias. As Justice Brennan says:

Given the nature of this legal standard, and given that no claim is raised in this case that bias should be conclusively presumed, the Court of Appeals clearly erred by deciding the issue of juror bias itself rather than remanding the issue to the District Court for a hearing and decision in the first instance. Motions for new trial on the basis of juror bias are left to the sound discretion of the trial court, and its determination should not be lightly disturbed by an appellate court. This is especially true when decision on the motion turns, as it does here,

on the particular facts and circumstances involved. See *ante*, at 551–552, n. 3, and 556 [104 S.Ct. at 847–848, n. 3 and 850]. The trial court in this case, however, did not reach the point of exercising discretion because it never was notified about the results of the informal examination of juror Payton. Accordingly, the case should be remanded to the District Court for a hearing and decision consistent with the principles outlined above.

*Id.* at 559, 104 S.Ct. at 851 (Brennan, J., concurring).

We applied *McDonough* to a criminal case in *United States v. McMahan*, 744 F.2d 647, 652 (8th Cir.1984). There the juror said he lived in Kansas City, Missouri, whereas he actually lived in Kansas. Defense counsel asserted that he would have stricken the juror by use of a peremptory challenge. The conviction was affirmed. Other circuits have also applied *McDonough* in reviewing criminal trials. See *Baca v. Sullivan*, 821 F.2d 1480, 1482–83 (10th Cir.1987) (habeas corpus relief denied state prisoner; in response to questioning juror failed to mention brother had been police officer); *United States v. O'Neill*, 767 F.2d 780, 785 (11th Cir.1985) (drug conviction affirmed, sentence vacated on other grounds and remanded for resentencing; juror failed to mention two of his friends were narcotics agents).

[4] Although here the juror's nondisclosure was purely inadvertent, and certainly not dishonest, the question is whether her later disclosure indicated a circumstance that would cause her to be prejudiced in her deliberation. Here the trial court and the Arkansas Supreme Court found no actual bias. In the absence of a more definitive problem in the record, such a finding is entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Patton v. Yount*, 467 U.S. 1025, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984); *see also Wainwright v. Witt*, 469 U.S. 412, 426–30, 105 S.Ct. 844, 853–55, 83 L.Ed.2d 841 (1985). It is settled that mere familiarity with the case cannot serve to demonstrate a presumption of bias. *Irvin v. Dowd*, 366 U.S. 717, 722–23,

81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961).

There was a possibility that the juror would have let her recollections of her child's emotional experience at school influence her deliberations. There is no doubt it would have been better if the matter had been disclosed and counsel given the opportunity to exercise a peremptory challenge. But the law must not deal with possibilities. The state trial and appellate courts were convinced from the record there was no prejudicial bias. Their findings are entitled to a presumption of correctness. *Sumner v. Mata,* 455 U.S. 591, 597 n. 10, 102 S.Ct. 1303, 1307 n. 10, 71 L.Ed.2d 480 (1982).

The record fairly supports this conclusion. Judgment affirmed.