United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3736
_____

John A. Knox, Jr.,                      *
                                        *
          Petitioner - Appellant,       *
                                        *   Appeal from the United States
     v.                                 *   District Court for the
                                        *   Southern District of Iowa.
State of Iowa,                          *
                                        *
          Respondent - Appellee.        *

_____

Submitted: September 10, 1997
     Filed:  December 23, 1997

_____

Before McMILLIAN, ROSS, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

     John A. Knox, Jr. was convicted of first degree murder and first degree sexual
abuse, in violation of Iowa Code §§ 707.2(1), 707.2(2), 709.1(1), and 709.2, and was
sentenced to two concurrent terms of life imprisonment. After the Iowa Supreme Court
affirmed his convictions on direct appeal and his application for postconviction relief
was denied in state court, he filed a petition for a writ of habeas corpus under 28
U.S.C. § 2254, and now appeals from its denial by the district court.[1] The certificate

_____

     [1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for
the Southern District of Iowa.

of appealability focuses on two issues: whether his constitutional rights were violated by the failure of the jury foreman to disclose certain information or by the failure of the prosecution to disclose exculpatory evidence. We affirm.

## I.

Elise Gillam, a 57 year-old school teacher in Marshalltown, Iowa, was raped and murdered on June 3, 1987. Her neighbors called the police after they heard her cry "you will kill me anyway" and "oh my god." The police found her in bed bleeding from twenty-five stab wounds on her torso and arms, and she died shortly after arriving at the hospital. She had lost most of the blood in her body, but she was able to report that a neighbor had attacked her. Knox lived directly behind Gillam's house, and a knife the size of the murder weapon was found in his apartment. That knife had blood on it that was the same type as the victim's, and hairs consistent with Knox's were found on the victim's bedspread and nightgown. His girlfriend testified that she found the clothes Knox had been wearing the night of the murder hanging over the bathtub the next morning, and she noticed they were damp. The evidence also included a sheet from the victim's bed which had a blood print that was never identified. The prosecution's expert testified at trial that the print appeared to be a composite and was too distorted by the fabric of the sheet to be positively identified.

The jury was unable to reach a verdict when Knox was first tried, and a mistrial was declared. The second trial lasted ten days and ended in a jury finding that Knox was guilty of first degree murder and first degree sexual abuse.

Knox appealed a number of issues to the Iowa Supreme Court, including claims that the state had violated his right to a speedy trial and that the jury which convicted him was not impartial. The Iowa Supreme Court denied Knox's request to preserve his juror bias claim for postconviction relief and affirmed both convictions, rejecting his other claims on the merits. Knox then sought postconviction relief in state court,

raising a number of the same issues along with claims that he had been denied effective assistance of counsel and that the prosecution had failed to disclose exculpatory evidence. His petition was denied, and the Iowa Court of Appeals affirmed.

Knox then filed this habeas corpus petition in federal court, claiming that he had been denied his sixth amendment right to trial by an impartial jury due to the foreman's failure during voir dire to reveal information reflecting bias. Knox also claimed that his lawyers at trial and on direct appeal were ineffective, that the prosecution had not disclosed exculpatory evidence, that he had been denied a speedy trial, and that the trial court abused its discretion in admitting evidence of his prior bad acts. The district court held that habeas review of Knox's juror bias and ineffective assistance of trial counsel claims was procedurally barred and that the default could not be excused because Knox had made no showing of cause and prejudice. Knox's other claims were denied on the merits.

This court granted a certificate of appealability limited to the issues of whether Knox was denied his right to trial by an impartial jury due to alleged misconduct by the jury foreman and whether the prosecution's nondisclosure of allegedly exculpatory evidence regarding a blood print on the victim's bed sheet violated his constitutional rights. Our review of the district court's conclusions of law is de novo, see Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996), the district court's findings of fact are reviewed for clear error, and state court findings of fact are presumed to be correct under 28 U.S.C. § 2254(d), see McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996), cert. denied, 117 S.Ct. 2527 (1997). Determinations of state law by the Iowa Supreme Court are binding on federal courts. See Frey v. Leapley, 931 F.2d 1253, 1254 (8th Cir. 1991).

II.

Knox, an African American, claims that he received information after his conviction that shows the foreman of the jury which convicted him, Arylahn Johnson, was biased against him on the basis of race. Before judgment was entered on the jury verdict, Knox's attorneys were informed by James Christianson, a mechanic who had worked on Johnson's minivan three years earlier, that Johnson had at that time talked to him about the Posse Comitatus. On the basis of this information, Knox alleged that Johnson was a member of the Posse Comitatus and that he should have disclosed his membership during voir dire when prospective jurors were asked whether they belonged to any civic organizations or espoused any racist views. Knox alleges that Posse members have white supremacist views that would make it impossible to be impartial at a trial of an African American.

Knox moved for a new trial on the ground that the jury which convicted him was not impartial as guaranteed by the sixth amendment.[2] The trial court held a hearing on the motion for which Christianson was subpoenaed. Christianson failed to appear, however, and his sworn statement was offered but rejected as hearsay. In that statement Christianson said Johnson had talked about the Posse Comitatus, but he did not say that Johnson had ever said he belonged to it. Knox presented testimony from the research director of Prairiefire Rural Action, an organization that assists farmers and monitors rural groups believed to be racist. That individual testified about the Posse Comitatus, but there was no evidence to link Johnson to it. At the conclusion of the hearing, the court held that Knox had not presented sufficient evidence of juror bias

[2]Knox's claims of ineffective assistance of trial and appellate counsel were not included in the certificate of appealability, but he mentions them in his brief in connection with the juror bias claim. Ineffective assistance of trial counsel must be raised in Iowa on direct appeal before postconviction relief is available, unless the defendant can show sufficient reason for the default. See Jones v. State, 479 N.W.2d 265, 271 (Iowa 1991); Washington v. Scurr, 304 N.W.2d 231, 235 (Iowa 1981). Knox first raised this claim in the state postconviction proceeding without offering any explanation for his failure to raise it on direct appeal, thereby defaulting the claim. Knox has also not specified any errors of appellate counsel that prejudiced him.

to support his motion for a new trial and subsequently sentenced him to two concurrent terms of life imprisonment.

On direct appeal, Knox sought permission from the Iowa Supreme Court to apply for postconviction relief on the basis of newly discovered evidence in accordance with state procedure. See Iowa Code Ann. § 822.2(4) (West 1994).[3] Knox claimed that Christianson's testimony was new evidence which he should be allowed to offer as grounds for vacating his conviction and for a new trial. The Iowa Supreme Court found that this evidence was known to Knox before judgment and therefore was not "newly discovered" as required under Iowa law. The court refused to preserve the issue for postconviction review because such a proceeding is not an opportunity to relitigate a claim about which one has previously failed to present sufficient evidence. See State v. Knox, 464 N.W.2d 445, 450 (Iowa 1990).

Federal habeas review of a constitutional claim is not available if a state court has refused to consider that claim because of state procedural grounds that are independent of the federal question and that are adequate to support the decision. See Harris v. Reed, 489 U.S. 255, 260-62 (1989). The state procedural rule must have been "firmly established and regularly followed" at the time it was applied in order to bar subsequent federal review. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

The Iowa Supreme Court ruling that Knox could not pursue postconviction relief for his juror bias claim did rest on independent and adequate state procedural grounds. As Knox concedes in his brief, that court applied a well-established and regularly followed procedural rule in requiring him to demonstrate that his new evidence was discovered after final judgment in order to pursue his claim in a postconviction

---

[3]When the Iowa Supreme Court considered Knox's request, the relevant provision of the code on postconviction procedure was codified at Iowa Code § 663A.2(4); in 1993 it was moved to Iowa Code § 822.2(4).

proceeding. See Jones v. Scurr, 316 N.W.2d 905, 910 (Iowa 1982); Stanford v. Iowa State Reformatory, 279 N.W.2d 28, 32-33 (Iowa 1979). Federal habeas review is therefore barred on this claim.

Knox argues that nevertheless the jury foreman's failure to disclose information reflecting bias denied him his sixth amendment right to trial by an impartial jury. In support of this argument Knox attempted to expand the record before the federal district court to include Christianson's sworn statement and deposition transcripts from a defamation action brought by Arylahn Johnson, the jury foreman, against Knox's attorneys and a local newspaper.[4]

The state responds that even if Knox could overcome the procedural default, he has not demonstrated that Johnson was actually biased or that he was tried by a jury not "capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217 (1982). The state points out that most of the evidence on which Knox relies cannot be considered on habeas review, either because it is inadmissible hearsay or because it was never offered in state court. See 28 U.S.C.A. § 2254(e)(2) (West 1997); see also Keeney v. Tamayo-Reyes, 504 U.S. 1, 11-12 (1992). The state also notes that none of this evidence shows that Johnson was actually a member of the Posse Comitatus, but that it shows at most that he participated in tax protest activities. According to the state, Knox has not shown either that Johnson should have affirmatively answered the voir dire questions about racial bias and membership in civic organizations or that he was deprived of his sixth amendment right to trial by an impartial jury.[5]

---

[4]The Iowa Supreme Court affirmed a summary judgment in favor of the newspaper and a judgment on a jury verdict in favor of Knox's attorneys. See Johnson v. Nickerson, 542 N.W.2d 506 (Iowa 1996).

[5]Although we do not reach the merits of this claim, the merits depend entirely on whether Johnson had a duty to respond differently to the particular voir dire questions, see Cannon v. Lockhart, 850 F.2d 437, 439-40 (8th Cir. 1988) (citing McDonough

Knox argues that failure to consider his juror misconduct claim would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).[6] In order to use this exception to a procedural bar, a petitioner must offer new reliable evidence of his innocence, in light of which "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Knox has not presented new evidence of his innocence nor has he even argued that he is actually innocent. He merely asserts that his trial was unfair because of a flawed voir dire and a biased juror and that it would be a fundamental miscarriage of justice not to be able to have a thorough review of the merits. He thus does not meet the actual innocence standard to open a gateway for consideration of the merits of his procedurally defaulted claim. See id. at 316.

III.

The other habeas claim certified for review on appeal is that the state violated petitioner's constitutional rights by failing to disclose allegedly exculpatory evidence about a blood print found on the victim's bed sheet. During the investigation of the crime scene, police discovered what appeared to be a partial palm print. A local fingerprint expert, John Kilgore, could not match the print to Knox or to the victim. Another expert, Ralph Turbyfill, had initially given an oral opinion consistent with Kilgore's, but later prepared a written report concluding that the print was too distorted to be positively identified. After obtaining Kilgore's opinion, but prior to receiving Turbyfill's written report, the state moved to dismiss the charges against Knox without prejudice. The Kilgore opinion was disclosed to the defense at the time of the dismissal, but the initial conclusion of Turbyfill was not.

Power Equip., Inc., v. Greenwood, 464 U.S. 548, 556 (1984)), and petitioner's submissions do not establish that he did.

[6]He does not claim that he has established cause and prejudice to excuse his procedural default. See Coleman, 501 U.S. at 750.

Knox was indicted by a grand jury approximately three months after the dismissal on the basis of additional physical evidence unrelated to the blood print. At trial Turbyfill testified that on first impression the print appeared to be a partial left palm print, but that closer examination revealed it to be a composite print that was so distorted by the fabric of the sheet that it could not be positively identified, leaving open the possibility that the print could have been made by either Knox or the victim. Kilgore testified on the other hand that the print was an identifiable right palm print that did not match either of them.

Knox argues that Turbyfill's initial oral opinion on the blood print was exculpatory, and that if disclosed, he would have used it to impeach Turbyfill's trial testimony that the print could not be positively identified.[7] The prosecution's failure to disclose evidence that is favorable to the defendant and material to the issue of guilt violates a defendant's right to due process. See Brady v. Maryland, 373 U.S. 83, 87 (1963). The mere possibility that the undisclosed evidence might have influenced the jury does not establish materiality, however. See United States v. Agurs, 427 U.S. 97, 109-10 (1976). Rather, there must be a reasonable probability that its disclosure would have led to a different result at trial, thus undermining confidence in the jury verdict. See United States v. Bagley, 473 U.S. 667, 682 (1985).

Knox has not shown that the nondisclosure of the initial oral opinion of Turbyfill places the "justice of the finding of guilt" in doubt. Agurs, 427 U.S. at 112-13. By the time the state refiled the charges against Knox, it had gathered additional physical evidence of his guilt which lessened the relative importance of the print to the

---

[7]Knox suggests that the nondisclosure of Turbyfill's initial opinion impacted his constitutional right to a speedy trial. Even if he were clearly raising a speedy trial claim and it had been included in the certificate of appealability, Knox would not succeed. He has not shown that the reason for the delay was improper, that he asserted his speedy trial right by resisting the dismissal, or that he was prejudiced as a result of the delay. See Barker v. Wingo, 407 U.S. 514, 530 (1972).

prosecution's case. Moreover, Knox was informed about Kilgore's exculpatory opinion at the time of the dismissal and was therefore able to rely on it in preparing his defense and to present it to the jury to undermine Turbyfill's conclusion. Finally, Turbyfill's testimony did not contradict his initial opinion; rather, he developed a plausible explanation for the lack of a match between Knox's palm and the blood print. At most, appellant could have asked Turbyfill to explain why he placed greater weight on his second opinion, which Turbyfill testified was the result of closer examination. Under all the circumstances Turbyfill's initial opinion would not have been of great impeachment value. The undisclosed evidence does not cast the whole case in a different light, and the trial resulted in a "verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434-35 (1995).

Since petitioner has not raised claims which entitle him to habeas relief, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.