# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1955

_____

| | | |
|---|---|---|
| RICHARD E. CURTIS, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the |
| | * | United States District Court |
| MIKE KEMNA, | * | For the Western District |
| | * | of Missouri |
| Appellee. | * | |

[UNPUBLISHED]

_____

Submitted: June 14, 1999
Filed: October 8, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and PANNER[1], District Judge

_____

PER CURIAM

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

Petitioner Richard Curtis appeals the district court's[2] denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. The issue is whether petitioner's acquittal on a charge of "armed criminal action" should have barred evidence at petitioner's subsequent rape trial that petitioner had threatened the victim with a knife.

We affirm.

## BACKGROUND

At petitioner's first trial, he was charged with forcible rape and armed criminal action. The victim, an acquaintance of petitioner, testified that after she allowed petitioner into her apartment, he held a knife to her throat and raped her.

The victim was unsure whether petitioner's knife was a folding pocket knife. She testified that while petitioner kept the knife at her throat, he rummaged through kitchen drawers as though searching for a larger knife.

The jury acquitted petitioner on the armed criminal action charge. The jury could not reach a verdict on the forcible rape charge.

At petitioner's subsequent trial on the rape charge, the victim again testified that petitioner had held a knife to her throat. She described the knife as black-handled with a shiny, silver blade. No knife was introduced as an exhibit in either trial.

---

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

Petitioner testified that he had consensual sex with the victim. He denied using force.

Petitioner was convicted of forcible rape. The Missouri Court of Appeals affirmed. State v. Curtis, 921 S.W. 2d 1 (Mo. Ct. App. 1996).

## STANDARDS

In reviewing the denial of a habeas corpus petition, this court reviews the district court's legal conclusions de novo and findings of fact for clear error. Knox v. State of Iowa, 131 F.3d 1278, 1280-81 (8th Cir. 1997).

## DISCUSSION

To prevail on a claim that was adjudicated on the merits in state court, the petitioner must show that the state appellate court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). Here, the issue is whether the state court properly applied clearly established law, so § 2254(d)(2), which concerns determinations of fact, does not apply.

We first identify the controlling federal law. See Long v. Humphrey, 184 F.3d 758, 759 (8th Cir. 1999). The Supreme Court has held that collateral estoppel, now called

3

issue preclusion, applies in criminal proceedings as part of the Fifth Amendment guarantee against double jeopardy.  Ashe v. Swenson, 397 U.S. 436, 445 (1970).  "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Id. at 443.

The issue is whether the state court's decision is  "contrary to" or an "unreasonable application" of the clearly established federal law.  Long, 184 F.3d at 760.  We evaluate the state court decision objectively on the merits, determining whether the decision "'resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.'"  Id. (quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999) (en banc), petition for cert. filed, 68 U.S.L.W. 3008 (U.S. June 22, 1999) (No. 98-2050)).

> Here, the state appellate court stated that in the first trial,

> the ultimate fact determined by the jury . . . on the offense of armed criminal action required a finding that [petitioner] had committed the crime of forcible rape "by, with, or through the use, assistance, or aid of a dangerous instrument."  The term dangerous instrument was defined as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury."

Curtis, 921 S.W. 2d at 4 (quoting Rev. Stat. Mo. § 556.061(9)).  The state appellate court noted that in petitioner's first trial, the evidence "was not clear as to the size or type of knife used," and there was no evidence that the victim was cut by the knife.  Id.  The appellate court concluded that "the jury in the first trial could have merely found that the

4

knife as used was not a 'dangerous instrument.' The jury did not necessarily find that there was no knife involved to find [petitioner] not guilty of armed criminal action." Id.

The state court's decision is reasonably justified under Ashe. A rational jury could have heard the evidence in the first trial and found that while petitioner may have had a knife, under the circumstances the knife was not a dangerous instrument. As the Court in Ashe cautioned,

> the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

Ashe, 397 U.S. at 444 (internal quotation marks and footnote omitted); accord, Schiro v. Farley, 510 U.S. 222, 236 (1994).

AFFIRMED.

A true copy.


Attest:



CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5