SLIP OPINION

Cite as 2016 Ark. 369

# SUPREME COURT OF ARKANSAS.

**No.** CV-16-587

|  |  |
|---|---|
| ROBERT HEFFERNAN<br>APPELLANT | **Opinion Delivered** October 27, 2016 |
| V. | PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL, FOR RELEASE ON PERSONAL RECOGNIZANCE BOND, FOR EXTENSION OF BRIEF TIME, AND FOR COPY OF RECORD [HOT SPRING COUNTY CIRCUIT COURT, NO. 30CV-15-107] |
| WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE |  |
|  | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 1980, appellant Robert Heffernan and his accomplice, Joseph Breault, were charged with abduction, rape, and capital murder in the death of a fourteen-year-old girl. Both Heffernan and Breault were found guilty of capital murder by juries in separate trials. Both were sentenced to life imprisonment without parole. This court affirmed Heffernan's conviction on direct appeal in 1983. *Heffernan v. State*, 278 Ark. 325, 645 S.W.2d 666 (1983). Heffernan pursued federal habeas corpus relief, which was denied. *Heffernan v. Norris*, 48 F.3d 331 (8th Cir. 1995). In 2001, he also filed a habeas corpus petition for relief in the trial court under Act 1780 of 2001 Acts of Arkansas, codified at Arkansas Code Annotated sections 16-112-201 to -207 (Supp. 2003), seeking scientific testing of certain evidence. The petition was denied, and we affirmed the order. *Heffernan v. State*, CR 02–239 (Ark. Jun. 13, 2002) (unpublished per curiam). Subsequently, Heffernan again sought

relief under the same statute. This court affirmed the order denying the petition. *Heffernan v. State*, 2011 Ark. 326, at 2.

In 2015, Heffernan filed a pro se petition for writ of habeas corpus in the Hot Spring County Circuit Court–the circuit court located in the county in which he is now incarcerated. The petition was properly filed in that county because, unless the petition is one filed in the trial court seeking scientific testing, our statutes provide, "The writ shall be directed to the person in whose custody the prisoner is detained, and made returnable as soon as may be . . . before the circuit judges of the county in which it may be served, if either are within the county." Ark. Code Ann. § 16-112-105(b)(1) (Repl. 2006); *Hundley v. Hobbs*, 2015 Ark. 70, at 3, 456 S.W.3d 755, 757, *reh'g denied*, (Apr. 9, 2015). The circuit court dismissed the petition, and Heffernan lodged an appeal from the order in this court.

Now before us are Heffernan's pro se motions for appointment of counsel, for release-on-personal-recognizance bond, for extension of brief time, and for a copy of the record. Because it is clear from the record that Heffernan could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot. An appeal from an order that denied a petition for postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. *Allen v. Kelley*, 2016 Ark. 70, at 1–2, 482 S.W.3d 719, 721 (per curiam); *Daniels v. Hobbs*, 2011 Ark. 192 (per curiam).

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate

SLIP OPINION

court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Heffernan argued in his habeas petition that the judgment in his case was invalid on its face and that the trial court lacked jurisdiction on the ground that the record did not reflect that the jury had found him guilty of either kidnapping or rape, which were the underlying offenses to capital murder. He further contended that the jury had not been given the option of finding him guilty of a lesser-included offense. Heffernan conceded that the State could argue that neither of those assertions could be determined from the face of the judgment, but he contended that he had appended to his petition proof in the form of his affidavit, the verdict form and judgment reflecting that he had been found guilty of capital murder, and other documents from the trial record.

The trial court correctly declined to grant relief on the allegations contained in Heffernan's petition for writ of habeas corpus because Heffernan did not make a showing of probable cause to believe he is illegally detained. First, the jury at his trial was instructed on capital murder and the lesser-included offenses of first-degree murder, kidnapping, and rape. The jury was informed that, if it returned a finding of guilt on any of the offenses, there would be a separate sentencing proceeding. The jury returned a verdict of guilty on the charge of capital murder.

Heffernan's codefendant, Joseph Breault, argued on direct appeal following his conviction that the trial court erred in not requiring separate verdict forms to be completed by the jury on rape and kidnapping in his case. We found no reversible error in the trial court's failure to instruct the jury to complete verdict forms on the underlying felonies of rape and kidnapping because the jury, by implication, had to find defendant guilty of either kidnapping or rape in order to find him guilty of first-degree felony-murder. *Breault v. State*, 280 Ark. 372, 375, 659 S.W.2d 176, 178 (1983). Clearly, the issue of whether to require separate verdict forms was one that could also have been raised, and settled, at Heffernan's trial and on the record on direct appeal. The issue was not sufficient to deprive the trial court of jurisdiction or to render the judgment in Heffernan's case invalid on its face. Assertions of mere trial error are not a basis for the writ. *Philyaw*, 2015 Ark. 465, at 6, 477 S.W.3d at 507.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 413, 255 S.W.3d 466, 471 (2007). Heffernan did not establish a lack of jurisdiction in his case. Furthermore, proceedings for the writ are

not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Burgie v. Hobbs*, 2013 Ark. 360, at 4 (per curiam). As stated, if there had been some irregularity in the verdict form or judgment or an issue with instructing the jury on lesser-included offenses, a writ of habeas corpus would not issue to correct errors or irregularities that occurred at trial, as the proper remedy in such a case is to raise the issue at trial and on direct appeal. *Meny v. Norris*, 340 Ark. 418, 13 S.W.3d 143 (2000) (per curiam); *see also Abernathy v. Norris*, 2011 Ark. 335, at 3. A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or for pursuit of postconviction remedies. *Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Inasmuch as Heffernan's petition did not state a ground for a writ of habeas corpus, there was no merit to the petition, and there could be no merit to an appeal from the order that dismissed it. The clear lack of merit in the appeal renders the appeal subject to dismissal. *See Fields*, 2013 Ark. 416.

Appeal dismissed; motions moot.